IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Anthony Wells,<br><br>Plaintiff,<br><br>v.<br><br>Lt. Flemming, Cpt. Patton, Maj. Brown, Lt. Matusiewicz, Sgt. Neal, Ofc. Young, Sgt. Hicks, and Sgt. T. Mack,<br><br>Defendants. | Civil Action No. 1:24-5980-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Johnny Anthony Wells ("Plaintiff" or "Wells") *pro se* amended complaint filed pursuant to 42 U.S.C. § 1983 against the following employees of the Florence County Detention Center ("FCDC"): Lt. Flemming ("Flemming"), Cpt. Patton ("Patton"), Maj. Brown ("Brown"), Lt. Matusiewicz ("Matusiewicz"), Sgt. Neal ("Neal"), Ofc. Young ("Young"), Sgt. Hicks ("Hicks"), and Sgt. T. Mack ("Mack") (collectively, "Defendants"). (ECF No. 35.)

In his amended complaint, Plaintiff asserts that Defendants used excessive force against him during two separate occasions, the first on September 13, 2022, and the second on July 11, 2023, and that Defendants violated his Fourth Amendment right to privacy and were deliberately indifferent to his medical needs in violation of the Fourteenth Amendment. Plaintiff also alleges state law claims for negligence, invasion of privacy, and violation of the South Carolina Constitution, Art. I § 10. (*See* ECF Nos. 35, 35-1.)

On September 26, 2025, Plaintiff filed a motion for summary judgment and filed a supplemental memorandum on October 30, 2025. (ECF Nos. 58, 65.) Also on October 30, 2025, Defendants also filed a motion for summary judgment. (ECF No. 66.) On November

18, 2025, Plaintiff filed a response to Defendants' motion for summary judgment, a notorized "affidavit," and copies of his grievances and Defendants' taser records. (*See* ECF Nos. 69, 69-1, 69-2.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review. On December 5, 2025, United States Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion for summary judgment and grant in part and deny in part Defendants' motion for summary judgment. (ECF No. 71.)

On December 15, 2025, Plaintiff filed objections to the Magistrate Judge's Report along with an "affidavit to verify my complaint and amended complaint." (ECF Nos. 73, 73-1.) Plaintiff also filed a supplement to his objections on December 22, 2025. (ECF Nos. 77, 77-1, 77-2.) After being granted an extension of time to file objections, Defendants filed their objections on January 20, 2026. (ECF No. 80.) Plaintiff subsequently filed additional declarations and affidavits. (ECF Nos. 84, 85, 87.)

Now, for the reasons set forth herein, the Court adopts the Magistrate Judge's Report in full, denies Plaintiff's motion for summary judgment, and grants in part and denies in part Defendants' motion for summary judgment.

## STANDARDS OF REVIEW

### I. Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there

is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 24 (4th Cir. 1990).

"As the moving party, Defendants are required to identify those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which they believe demonstrate the absence of genuine issues of material fact." *Perez v. Arnold Transp.*, No. 3:15-3162-TLW, 2018 WL 2301850, at *3 (D.S.C. Feb. 12, 2018) (quoting *Celotex*, 477 U.S. at 323). "As the nonmoving party, Plaintiff[ ] must then produce specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 317). "Plaintiffs may not rest on mere allegations or denials; they must produce 'significant probative evidence tending to support the complaint.' " *Id.* (quoting *Anderson*, 477 U.S. at 248). In other words, "the nonmoving party must go beyond the facts alleged in the pleadings and instead rely upon affidavits, depositions, or other evidence to show a genuine issue for trial." *Crawford v. Newport News Indus. Corp.*, No. 4:14-130, 2018 WL 4561671, at *2. (E.D. Va. Mar. 2, 2018) (citing *Celotex*, 477 U.S. at 317), adopted in part, 2018 WL 2943445 (E.D. Va. June 11, 2018), *appeal dismissed sub nom. Kershaw v. Newport News Indus. Corp.*, 2018 WL 8058614 (4th Cir. Oct. 25, 2018).

## II. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

### I. The Magistrate Judge's Findings

In her Report, the Magistrate Judge carefully outlined Plaintiff's allegations and the evidence of record, specifically noting that not all of the evidence Plaintiff submitted is admissible and explaining that because Plaintiff's complaint and his amended complaint are not verified they cannot be considered as evidence in support of his response to Defendants' motion. (ECF No. 71 at 2-10, 13.) In addition to quoting at length from Plaintiff's response and his grievances, the Magistrate Judge outlined the jail incident report submitted by Defendants (although not in connection with their motion for summary judgment). (*See id.* at 2-6 (quoting ECF Nos. 69 at 5–8, 12–13; 63-2 at 76–77; 66-3 at 1, 4–5).) The Magistrate Judge also explained that the only evidence Defendants submitted

in connection with their motion was an affidavit from Brown generally stating that Defendants did not violate Plaintiff's constitutional rights and copies of Plaintiff's grievances. (*See id.* at 7 (quoting ECF No. 66-2 at ¶¶ 9–14).) Lastly, the Magistrate Judge outlined the procedural history pertaining to Plaintiff's motions to compel, as well as the evidence provided by Defendants as a result. (*Id.* at 8-10 (discussing ECF Nos. 38, 42, 45, 49, 52, 54, 56, 63).)

In analyzing the parties' cross-motions, the Magistrate Judge carefully reviewed the "affidavit" submitted by Plaintiff in response to Defendants' motion for summary judgment, which provides as follows:

> I, JOHNNY WELLS, DO HEREBY PRESENT THIS AFFIDAVIT IN REFERENCE TO THE RESPONSE TO MOTION TO DISMISS BY THE DEFENDANTS.
>
> To the best of my knowledge all of the information presented is true and accurate to the best of my knowledge in the following pages. These documents consist of A 19-PAGE BRIEF, GRIEVANCE number 3297 (SJM Ref# 16,972,691), GRIEVANCE number 3653 (SJM REF# 17,632,061), and Grievance number 5506 (SJM Ref# 21,462,098). It also consist of page 69, 73, and 74 of the TASER AUDIT. Also (1) page that explains the use of the TASER during the incident on September 13, 2022 by Sgt. T. Mack and Officer Young. All of these documents combined represent my RESPONSE TO MOTION TO DISMISS.
>
> Print: Johnny A. Wells
> Signed: Johnny A. Wells
> Date: November 10, 2025
>
> State of: South Carolina
> County of: Florence
> Subscribed and sworn to (or affirmed) before me this 10th day of November in the year 2025.
> [signature]
> Signature of Notary Public
> My Commission Expires June 28, 2027

(ECF No. 69-1 at 1.) The Magistrate Judge explained that Rule 56(c)(4) requires an affidavit to be based on personal knowledge and to set forth facts that would be admissible in evidence and show that the affiant is competent to testify to those facts. Fed. R. Civ. P. 56(c)(4). The Magistrate Judge further explained that although Plaintiff's filing does not include the words, "under penalty of perjury," it was "subscribed and sworn to (or affirmed)" before a notary public and states that "the information presented is true and accurate." (*See* ECF No. 69-1.) As such, and considering Plaintiff's *pro se* status, the Magistrate Judge considered the evidence that Plaintiff submitted in conjunction with his "affidavit" to the extent it is based on Plaintiff's personal knowledge. (*See* ECF No. 71 at 16.)

The Magistrate Judge then considered the parties' arguments and found the following: (1) that Defendants are entitled to Eleventh Amendment immunity to the extent Plaintiff seeks to sue them in their official capacities for monetary damages; (2) that Plaintiff did not exhaust his administrative remedies, but that Plaintiff indicated he was prevented from doing so through no fault of his own and Defendants failed to adequately address this and are not entitled to summary judgment on the account of Plaintiff's failure to exhaust administrative remedies; (3) that Defendants are not entitled to summary judgment or a finding of qualified immunity as to Plaintiff's claim that Defendants used excessive force against him on September 13, 2022; (4) that Defendants likewise are not entitled to summary judgment or a finding of qualified immunity as to Plaintiff's claim that Defendants used excessive force against him on July 11, 2023; (5) that Defendants are not entitled to summary judgment as to Plaintiff's Fourth Amendment privacy-based claims; (6) that Defendants are entitled to summary judgment on Plaintiff's deliberate indifference claim; (7) that Defendants are entitled to summary judgment on Plaintiff's state law negligence

claim because it is precluded by the South Carolina Tort Claims Act ("SCTCA"); but (8) that Defendants are not entitled to summary judgment on Plaintiff's remaining claims for invasion of privacy under state law and under the South Carolina Constitution, Art. I § 10 because Plaintiff's claims involve assertions of intent to harm or malice on the part of Defendants. (*Id.* at 16-36.)

## II. The Parties' Objections

In his objections, "the only issue" Plaintiff disagrees with is the Magistrate Judge's failure to consider his complaint and amended complaint as evidence, and he asserts that he did not realize it had to be verified to be considered as evidence. (ECF No. 73 at 1.) Attached to his objections, Plaintiff also includes an unverified, un-notarized "affidavit to verify my complaint and amended complaint." (ECF No. 73-1.) Subsequently, Plaintiff also filed a notarized version of this same document. (*See* ECF No. 77-2.)

Notably, however, nowhere in Plaintiff's objections does he object to the Magistrate Judge's recommendation that his motion for summary judgment be denied, or to her findings that: Defendants are entitled to Eleventh Amendment immunity to the extent Plaintiff seeks monetary damages against them in their official capacities, and that Defendants are entitled to summary judgment as to Plaintiff's deliberate indifference claim and his state law negligence claim. Defendants also do not object to these findings. After careful review, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law, and the Court fully agrees with the Magistrate Judges' analysis as to these claims. Accordingly, the Court adopts these portions of the Magistrate Judge's Report without any further explanation.

Next, however, Defendants do object to the Magistrate Judge's recommendation

that the Court deny their motion for summary judgment as to Plaintiff's excessive force claims, his Fourth Amendment privacy-based claims, and his state law claims for invasion of privacy and under the South Carolina Constitution, Art. I § 10. (ECF No. 80.) Specifically, Defendants assert that the Magistrate Judge erred in considering Plaintiff's "evidence" submitted for the first time on November 10, 2025. (*Id.* at 1.) According to Defendants, the Magistrate Judge's "decision to allow Plaintiff to submit hearsay evidence, solely in the form of documents provided in discovery and via an affidavit pursuant to Rule 56(c)(4), Fed. R. Civ. P., amounts to a *de facto* Motion to Amend Plaintiff's already Amended Complaint." (*Id.*) Defendants also assert that Plaintiff's "'affidavit' was nothing more than a brief by Plaintiff which rehashed his prior unverified Complaints and documents including several grievances, the TASER Audit log, and a report prepared by Defendants Mack and Young." (*Id.* at 1-2.) In addition, Defendants take issue with the Magistrate Judge's citation to *Strong v. Johnson*, 495 F. 3d 134 (4th Cir. 2007), and her reference to district court cases from other jurisdictions in support of her decision to treat Plaintiff's filing as an affidavit, and Defendants assert that the Magistrate Judge overlooked the fact that Plaintiff's "affidavit" failed to include the phrase "under penalty of perjury." (*Id.* at 3.) In all, Defendants ask the Court to disallow Plaintiff's "affidavit" and to grant in full their motion for summary judgment.

After *de novo* review, the Court is unpersuaded by Defendants' objections, and the Court fully agrees with the Magistrate Judge's findings and recommendations. As an initial matter, the Court finds no error in the Magistrate Judge's consideration of Plaintiff's affidavit and the attached evidence filed in response to Defendants' motion. Although Defendants are correct that Plaintiff's filing does not include the phrase, "under the penalty of perjury,"

the notary's certificate contains a jurat stating that it was "[s]ubscribed and sworn to (or admitted) before me," and this jurat establishes that an oath or affirmation was administered. (ECF No. 69-1.) Indeed, under South Carolina law, the presence of a jurat establishes that the following occurred:

> (a) an individual appeared in person before the notary;
> (b) the individual was personally known to the notary or identified by the notary through satisfactory evidence; and
> (c) the individual made a vow of truthfulness *on penalty of perjury*, based on personal honor and without invoking a deity or using a form of the word "swear."

S.C. Code § 26-1-5 (emphasis added). *See, e.g.*, *Strong v. Johnson*, 495 F.3d 134, 140 4th Cir. 2007) ("In light of the specific words 'subscribed and sworn to,' and the notary's use of those words here, it was not unreasonable for the Supreme Court to treat Vaughan's letter as an affidavit."); *see also Fulton v. Mack*, No. 0:22-cv-1954-BHH-PJG, 2023 WL 10947188, *5 (D.S.C. Oct. 12, 2023) (considering the plaintiff's sworn submission as a sworn affidavit because the notary's certificate contains a jurat that states that the document was "subscribed and sworn to (or affirmed) before me this [date]"). Thus, the Court finds no error in the Magistrate Judge's consideration of the evidence submitted by Plaintiff to the extent it is based on Plaintiff's personal knowledge.

Furthermore, as a practical matter, the Court also finds that Defendants themselves failed to put forth sufficient evidence to show that they are entitled to judgment as a matter of law on Plaintiff's excessive force claims, his Fourth Amendment privacy-based claims, and his state law claims for invasion of privacy and under the South Carolina Constitution, Art. I § 10. (*See* ECF No. 71 at 24–26, 28, 34–35) (finding Defendants' evidence insufficient and/or noting that Defendants failed to offer sufficient evidence concerning their

version of events), Accordingly, the Court overrules Defendants' objections.

## CONCLUSION

Based on the foregoing, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (**ECF No. 71**); the Court **denies** Plaintiff's motion for summary judgment (**ECF No. 58**); and the Court **grants in part and denies in part** Defendants' motion for summary judgment (**ECF No. 66**). Specifically, the Court grants Defendants' motion as to any claims for monetary damages asserted against Defendants in their official capacities, as to Plaintiff's deliberate indifference claim, and as to Plaintiff's state law negligence claim. On the other hand, the Court denies Defendants' motion as to Plaintiff's claims against them in their individual capacities for excessive force in violation of the Fourteenth Amendment, for invasion of privacy in violation of the Fourteenth Amendment, and for invasion of privacy under South Carolina law and the South Carolina Constitution, Art. I § 10.[1]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 10, 2026
Charleston, South Carolina

[1] The Court notes that it may refer this matter to another Magistrate Judge for the appointment of counsel for Plaintiff and/or for mediation prior to setting it for trial.